IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>  *Plaintiff*,<br><br>v.<br><br>Clerk JUANITA M. LAIDLER, Chief<br>Deputy Clerk CRYSTAL CARTER, and<br>MACON COUNTY SUPERIOR COURT,<br><br>  *Defendants*. | CIVIL ACTION NO.<br>5:21-cv-00087-TES-MSH |

## ORDER

In this case, the United States Magistrate Judge issued his Report and

Recommendation ("R&R") [Doc. 3] on October 6, 2021. [Doc. 3, p. 13]. By way of an

extended deadline so that he could obtain certain court records judicially noticed in the

R&R, pro se Plaintiff Waseem Daker had until November 8, 2021, to file an objection

with the Court. *See generally* [Doc. 4] *in connection with* [Doc. 5, p. 1]; *see also* [Doc. 6, p.

1]. So, when the Court hadn't received anything from Daker despite the fact that about

a week had passed since the extended deadline expired, it reviewed the R&R for clear

error and filed an Order [Doc. 6] on November 16, 2021, that adopted the R&R and

dismissed Daker's Complaint [Doc. 1] without prejudice. [Doc. 6, p. 1]. However, eight

days later, on November 24, 2021, the Court received Daker's Objection [Doc. 8].

Even though the Court didn't receive Daker's Objection until November 24, 2021, Daker supposedly completed and mailed it some 16 days earlier on November 8, 2021—conveniently, on the last day of the extended objection period.[1] [Doc. 8, p. 25]; *see also* [Doc. 5, p.1] *in connection with* [Doc. 6, p. 1 (citing Fed. R. Civ. P. 6(a)(1), (d))]. Along with his Objection, Daker submitted two additional motions: a Motion for Access to Case Authorities [Doc. 9] and a Motion for Copies of Records Judicially Noticed [Doc. 10].

Having received these filings, the Court filed a second Order on November 30, 2021. [Doc. 11]. This second Order vacated the Court's previous Order that adopted the R&R and the subsequent Judgment [Doc. 7] closing this case. *See* [Doc. 11, p. 1]. In its second Order, the Court also informed Daker that his Objection would be taken "under advisement." [*Id.*]. But, on December 10, 2021, the Court's second Order was returned as "not deliverable." [Doc. 12, p. 1]. In other words, Daker never knew that the Court had already taken the necessary steps on its own to reopen this case.[2] Given that the Court has already done what Daker requests via his pending Motion to Vacate and Reconsider [Doc. 13], the Court **DENIES** it **as moot**.

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (1th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

[2] The Clerk of Court is **DIRECTED** to send Daker another copy of the Court's Order Reopening Case [Doc. 11] as well as a copy of the docket sheet.

Thus, all that remains for the Court to consider are Daker's Motion for Access to Case Authorities, his Motion for Copies of Records Judicially Noticed, and the R&R anew.

First, Daker's Motion for Access to Case Authorities [Doc. 9] is **DENIED**. The Court will not provide Daker a copy of each authority it relies upon in support of its decisions in this, or any other of Daker's cases. As a serial litigator, Daker has proven more than adapt at legal research. He can clearly find the cases and legal authorities he wants to find.

Next, Daker's Motion for Copies of Records Judicially Notice [Doc. 10] is **GRANTED**. In heeding the Eleventh Circuit's word of caution regarding judicial notice, the Court will include copies of the documents judicially noticed by the magistrate judge as exhibits to this Order. *Paez v. Sec'y Dep't of Corrs.*, 947 F.3d 649, 651–53 (11th Cir. 2020).

So that Daker can have an opportunity to review these documents and respond accordingly, the Court will allow him ***21 days*** from the date of this Order to restate and resubmit any objection—limited to only 10 pages in length. Daker's previous Objection will not, in any way, be considered. *See generally* [Doc. 8]. And, Daker may not incorporate any portion of his previous Objection by reference in an attempt to circumvent the 10 page limitation. Upon timely receipt of Daker's restated objection, the

Court will consider it. Daker should not anticipate that an extension of time will be

provided for compliance with the deadline set in this Order.

      **SO ORDERED**, this 21st day of January, 2022.

S/ Tilman E. Self, III

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
