**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **WASEEM DAKER,**  *Plaintiff,*  v.  **Clerk JUANITA M. LAIDLER, and Chief Deputy Clerk CRYSTAL CARTER,[1]**  *Defendants.* | **CIVIL ACTION NO. 5:21-cv-00087-TES-MSH** |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION OF DISMISSAL**

In his Recommendation of Dismissal [Doc. 3], the United States Magistrate Judge recommended that Plaintiff Waseem Daker's Complaint [Doc. 1] asserting claims under 42 U.S.C. § 1983 and Georgia law should be dismissed without prejudice prior to service pursuant to 28 U.S.C. § 1915A. [Doc. 3, pp. 1, 13]. Daker's claims are based on his allegation that Defendants Juanita Laidler and Crystal Carter, the Clerk of Court and

---

[1] In the body of his Complaint, Daker lists only two names: Juanita Laidler and Crystal Carter. [Doc. 1, p. 4]. Although the docket, and thus, some of the Court's previous orders list Macon County Superior Court as a defendant, Daker's list of "Parties to this Lawsuit" makes clear that he did not intend to sue the Superior Court of Macon County, Georgia, and it may be **TERMINATED** as a party. [*Id.*]; *see, e.g.*, [Doc. 11, p. 1]; [Doc. 14, p. 1]. In any event, Daker sued Defendants Laidler and Carter in the official capacities for declaratory and injunctive relief and monetary damages. [Doc. 1, p. 8, ¶ 9]. Therefore, any recovery against Macon County Superior Court would be redundant. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

Chief Deputy Clerk of Court for the Superior Court of Macon County, Georgia, respectively, failed to file a habeas petition on November 8, 2018. [Doc. 1, p. 14, ¶ 32].

In his Complaint, Daker seeks: (1) a declaratory judgment that Laidler and Carter's actions violate the First Amendment; (2) a declaratory judgment that their actions constitute the tort of violation of a public duty; (3) injunctive relief compelling them to immediately file his habeas petition; (4) prospective injunctive relief compelling them to "immediately file all future filings submitted on the dates that they are first received"; (5) nominal damages for his First Amendment claim; (6) compensatory damages in the amount of $250,000 for his First Amendment claim; and (7) compensatory damages in the amount of $250,000 for his state-law tort claim. [Doc. 1, p. 16, ¶¶ 37–43]. The Court will address Daker's § 1983 claim first, then turn its attention to his state-law claim asserted under O.C.G.A. § 51-1-1. [Doc. 1, p. 15, ¶ 36].

    A.    <u>**Daker's Claim Under 42 U.S.C. § 1983**</u>

        1.    <u>Statute of Limitations</u>

Daker alleges that Defendants Laidler and Carter "refused to file [his] habeas corpus petition . . . on November 8, 2018." [Doc. 1, p. 14, ¶ 32]. Such an allegation gives rise to a First Amendment access-to-courts claim under 42 U.S.C. § 1983; thus, it is subject to Georgia's two-year statute of limitations for personal injury claims. *See* O.C.G.A. § 9-3-33; [Doc. 3, p. 4]. Normally, under O.C.G.A. § 9-3-33, Daker would have had until November 8, 2020, to seek relief for his § 1983 claim, and his Complaint filed

2

on March 7, 2021,[2] would be time-barred. [Doc. 1, p. 16]. However, the magistrate judge stated that Daker's Complaint should not be dismissed on statute-of-limitations grounds considering the Georgia Supreme Court's judicial emergency orders "suspend[ing], toll[ing], extend[ing], or otherwise grant[ing] relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any . . . statute of limitation[]" due to the coronavirus pandemic. [Doc. 3, pp. 6–7]; *see also* [Doc. 1, p. 14, ¶ 33]. The Court agrees.

2. <u>Access to Courts</u>

While a dismissal on statute-of-limitations grounds isn't appropriate, the magistrate judge recommended that Daker's § 1983 access-to-courts claim should be dismissed for failure to state a claim. Daker filed an Objection [Doc. 15] to this recommendation. Therefore, the Court makes a de novo determination of the portions of the recommendation to which Daker objected. 28 U.S.C. § 636(b)(1)(C).

The fact that an individual is incarcerated doesn't strip him of his right to access courts. "Access to the courts is clearly a constitutional right, grounded in the First Amendment . . . ." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citation

---

[2] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). "Absent evidence to the contrary," we "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

omitted). However, the Supreme Court recognizes that standing to seek relief for a violation of this constitutional right is ancillary to some underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Without pleading an underlying claim, "a plaintiff cannot have suffered injury by being shut out of court." *Id.*; *Chappell*, 340 F.3d at 1283 (citing *Christopher*, 436 U.S. at 415). Thus, to have standing to seek relief under this constitutional right, Daker "must show actual injury" by demonstrating that some underlying and "nonfrivolous legal claim has been frustrated or impeded" by Defendants Laidler and Carter. *Jackson v. State Bd. of Pardons and Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (quoting *Lewis*, 518 U.S. at 353) (alterations adopted).

So, how did Daker's § 1983 claim come about? On October 29, 2018, Daker alleges that he mailed a state habeas corpus petition to Defendants Laidler and Carter. [Doc. 1, p. 13, ¶ 31]. This petition, which the Court will refer to as the "2018 Petition," challenges Daker's 1996 conviction from the Superior Court of Cobb County, Georgia, for aggravated stalking on four grounds. [*Id.*].

- Ground One: Daker claimed that he never waived his right to appellate counsel.

- Ground Two: Daker claimed that his Fourth and Fifth Amendment rights were violated by the admission of his "private papers" during his criminal trial leading up to the 1996 conviction.

- Ground Three: Daker claimed that his rights under the Double Jeopardy Clause were violated because his consecutive sentences from his 1996 conviction were "multiplicitous and void."

4

- Ground Four: Daker claimed that his due process rights were violated when the prosecution failed disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

[*Id.* at pp. 13–14, ¶ 31]; *see also* [Doc. 3, pp. 3–4]. Rather than file the 2018 Petition, Defendants Laidler and Carter returned it to Daker on November 8, 2018, along with a letter.[3] [Doc. 1, p. 14, ¶ 32]. In this letter, Defendant Carter wrote:

> Dear Mr. Daker,
>
> I am in receipt of your documents to file here in our office[;] however, I cannot file them in [*sic*] since you already have an existing Habeas Corpus filing with the exact same charges in Cobb County that we received from Tattnall County on July 30, 2018[,] and given case number 2018-CV-00102. That case is currently open and has no final order, so therefore, you cannot have duplicate cases on the same matter.

[Doc. 14-1, p. 16]. According to this and the other documents relied upon by the magistrate judge in making his recommendation—the documents the Court later placed on the record so that Daker could review them in preparing his Objection, *see* n.3, *supra*—it appears that Defendant Carter was referring to another habeas petition that Daker filed in the Superior Court of Butts County, Georgia, in 2013. This petition, which the Court will refer to as the "2013 Petition," had, after a series of transfers, made its way to the Superior Court of Macon County. [Doc. 3, p. 8].

---

[3] So that Daker could consider the documents upon which the magistrate judge based his recommendation regarding the access-to-courts claim, the Court placed them in the record and provided copies to Daker. *See* [Doc. 14, p. 3 (citing *Paez v. Sec'y Dep't of Corrs.*, 947 F.3d 649, 651–53 (11th Cir. 2020))]; *see, e.g.,* [Doc. 14-1]; [Doc. 14-2].

Through the 2013 Petition, Daker was already challenging his 1996 conviction from Cobb County on two grounds: grounds related to *Brady* violations and the admission of his "private papers" during his criminal trial. [Doc. 14-1, pp. 63–67]. Notably, these two grounds are the same as Ground Two and Ground Four listed above from the 2018 Petition that Daker tried to file in the Superior Court of Macon County on October 29, 2018. But why does that matter?

On March 22, 2013, the superior court clerk for Butts County "[e]nclosed . . . the original pleadings" for the 2013 Petition and transferred it to the Superior Court of Cobb County, Georgia, pursuant to a transfer order. [Doc. 14-1, pp. 58, 94]. Daker's 2013 Petition was subsequently transferred to Tattnall County in May 2018, then to Macon County in July 2018, and finally, to Lowndes County in January 2019. [*Id.* at pp. 3, 48, 54].

During the five months Macon County had Daker's 2013 Petition—from July 30, 2018, to January 10, 2019—Daker attempted to file the 2018 Petition. *See* [*id.* at p. 16 (indicating that Daker's 2013 Petition was received from Tattnall County on July 30, 2018)] *in connection with* [Doc. 14-1, p. 3 (indicating that Daker's 2013 Petition was transferred from Macon County to the Superior Court of Lowndes County on January

10, 2019)]. In his Objection,[4] Daker takes the position that Defendants Laidler and Carter should have filed the 2018 Petition because it was "not duplicative in part" at the time he submitted it for filing when compared to the 2013 Petition. [Doc. 15, p. 3]. The Court doesn't disagree that the 2018 Petition had two additional, and thus, different grounds for relief when Daker sent it for filing.

What Daker should have done, though, was *amend* the 2013 Petition to include the other two additional and non-duplicative grounds listed in the 2018 Petition: Ground One and Ground Three. But Daker didn't take that course (yet) even though it certainly was an option. Instead, he wanted to file the 2018 Petition as a brand-new habeas action while the 2013 Petition was still pending in Macon County. The habeas relief that Daker sought regarding his 1996 conviction was already filed—it was the 2013 Petition—and it had, as Defendant Carter told him, been given a Macon Superior Court case number, 2018-CV-00102. [Doc. 14-1, p. 16]. Thus, Defendants Laidler and Carter did "nothing to prevent" Daker from challenging his 1996 conviction—that challenge was already filed, it just needed amending. *Cunningham v. Dist. Att'y's Office for Escambia Cnty.*, 592 F.3d 1237, 1247 (11th Cir. 2010). Daker should've used the 2018 Petition to amend the 2013 Petition that was already on file in Macon County. Daker's

---

[4] The Court did not consider Daker's first Objection [Doc. 8] submitted on November 8, 2021. Instead, the Court only considered Daker's Objection submitted on February 10, 2022, after he had the opportunity to review the documents that the magistrate judge relied upon in making his recommendation. *See generally* [Doc. 15]; [Doc. 14]; [Doc. 14-1]; [Doc. 14-2].

failure to amend the 2013 Petition when *Macon County* had it only means one thing—it simply was "not the actions of [Defendants Laidler and Carter] that [delayed] his ability to seek" a judicial ruling on all four grounds that were included in the 2018 Petition. *Id.* at 1272. Just the opposite, it was Daker's own choices that "frustrated or . . . impeded" his ability to have a judicial ruling on Ground One and Ground Three, the non-duplicative grounds raised in the 2018 Petition, sooner rather than later. *Lewis*, 518 U.S. at 353; *see also Chappell*, 340 F.3d at 1283–84. Daker's own legal misstep "is not a violation of his right of access to the courts." *Cunningham*, 592 F.3d at 1272.

Importantly, Daker has never said that Defendants Laidler and Carter wouldn't let him file an amendment to the 2013 Petition while it was in Macon County. Nevertheless, at some point Daker realized that amending the 2013 Petition was a way to get the two additional and non-duplicative grounds he wanted to assert in the 2018 Petition before a state-court judge. In April 2019, he amended the 2013 Petition. [Doc. 14-2, p. 3]. Lowndes County though, not Macon County, had it at that point. [Doc. 14-1, p. 3].

As of April 2019, Daker's 2013 Petition included all four grounds as the 2018 Petition he wanted to file in Macon County on October 29, 2018. [Doc. 1, p. 13, ¶ 31]. On July 25, 2019, however, the Superior Court of Lowndes County issued a ruling ultimately dismissing each ground asserted in the 2013 Petition "as untimely and for failure to state a claim." [Doc. 14-2, p. 13]. As Daker states in his Objection, "no court

8

has ever held that [his four grounds for relief] were frivolous." [Doc. 15, p. 2]. *See Cunningham*, 592 F.3d 1274 (quoting *Christopher*, 536 U.S. at 416) ("Under *Christopher*, courts must apply 'the "nonfrivolous" test' and determine whether 'the arguable' nature of the underlying claim is more than hope.'"). And while Daker's grounds raised in the 2013 Petition may not have been frivolous, he unquestionably—despite the delay in the judicial determination caused by his own failure to amend the 2013 Petition earlier—had an opportunity to fully and fairly litigate each ground for habeas relief that he sought to raise in the 2018 Petition. Thus, Daker didn't irrevocably lose the right to commence the two additional and non-duplicative grounds as a result of Defendants Laidler and Carter's failure to file the 2018 Petition. *Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 1970).[5]

    Daker's adamant choice to submit the 2018 Petition as a new habeas petition in Macon County as opposed to using it to amend the already-pending 2013 Petition cannot mean that Defendants Laidler and Carter denied him access to the courts just because they didn't tell him that what he really needed to do was amend the 2013 Petition. Such help could easily be seen as "personnel from the Office of the Courts dispens[ing] legal advice" to help Daker further—or by extension—litigate his habeas

---

[5] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts . . . ." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

9

relief for him. [Doc. 14-2, p. 16 ("Georgia law prohibits any personnel from the Office of the Courts to dispense legal advice concerning . . . any legal matter.")]; *see also Cunningham*, 592 F.3d at 1247 (citing *Harvey v. Horan*, 278 F.3d 370, 386 (4th Cir. 2002)) ("*Lewis* did not require the State 'to help [him] bolster any such future' claims."). Any advice to that effect would undoubtedly be prohibited by Georgia law. *See* O.C.G.A. § 15-6-52 ("The clerks of the superior courts are prohibited from practicing law in their own or another's name, as a partner or otherwise, in any court except in their own case.").

The point is, Daker himself caused the delay "in obtaining a judicial determination" on the two additional and non-duplicative grounds raised in the 2018 Petition—not Defendants Laidler and Carter. *Oaks*, 430 F.2d at 242. Consequently, Daker cannot show that their failure to file the 2018 Petition was the cause of some alleged "actual injury." *Jackson*, 331 F.3d at 797. Accordingly, the Court **ADOPTS** the magistrate judge's recommendation as to Daker's § 1983 access-to-courts claim for failure to state a claim under 28 U.S.C. § 1915A(b)(1), and it is **DISMISSED without prejudice**.[6] [Doc. 3, pp. 7–10].

---

[6] The Court also **ADOPTS** the magistrate judge's recommendation of dismissal as to Daker's § 1983 claim for a denial of access to the courts on the basis that this case is frivolous or malicious under 28 U.S.C. § 1915A(b)(1) because he "neglect[ed] to mention the 2013 Petition" at all when presenting his allegations to the Court. [Doc. 3, pp. 10–12].

## B. Daker's State-Law Claim Under O.C.G.A. § 51-1-1

As to Daker's state-law tort claim for the violation of a public duty, the magistrate judge recommended that the Court decline to exercise supplemental jurisdiction over it since the federal claim (Daker's First Amendment access-to-courts claim) over which the Court had original jurisdiction under 28 U.S.C. § 1331 has been dismissed. Daker also objected to this recommendation. [Doc. 15, p. 10].

Daker argues in his Objection that an exercise of supplemental jurisdiction "is not the only basis" through which the Court can hear his state-law claim. [*Id.*]. Daker contends that the Court may still adjudicate the state-law claim through diversity jurisdiction pursuant to 28 U.S.C. § 1332. [*Id.*]. Under that statute, federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different [s]tates[.]" 28 U.S.C. § 1332(a)(1).

In his Complaint, Daker alleges that although he is incarcerated in Georgia, his domicile is Florida because he was "previously domiciled in Florida[] and intends to domicile in Florida upon his release from confinement." [Doc. 1, p. 8, ¶ 8]. It is binding precedent in the Eleventh Circuit that "[a] prisoner does not acquire a new domicile in the place of his imprisonment, but [he] retains the domicile he had prior to incarceration." *Polakoff v. Henderson*, 488 F.2d 977 (5th Cir. 1974); *see also Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973)), *aff'd*, 488 F.2d 977 (5th Cir. 1974); *see*

11

*also* n.5, *supra*. While the 1974 precedent from the Fifth Circuit is binding, the Court pauses to briefly note that it has previously found that Daker is a citizen of Georgia, not Florida. *Daker v. Davis*, No. 7:19-CV-159-WLS-TQL, 2020 WL 12602511, at *5–8 (M.D. Ga. July 7, 2020), *recommendation adopted*, 2021 WL 4239499, at *10–12, *appeal docketed*, No. 21-14102 (11th Cir. Nov. 16, 2021). Nevertheless, even assuming without deciding that Daker has "affirmatively allege[d] facts demonstrating" that he is a citizen of Florida and that Defendants Laidler and Carter are Georgia citizens, his state-law claim can still be properly dismissed at this stage because the diversity jurisdiction statute has two requirements—one of which his allegations are wholly insufficient to satisfy. *Horn v. Estate of Camacho*, 817 F. App'x 872, 875–76 (11th Cir. 2020) (citing *Polakoff*, 370 F. Supp. at 693); [Doc. 1, p. 8, ¶¶ 8–10].

Again, assuming without deciding that Daker has pled diversity of citizenship between himself and Defendants Laidler and Carter, his simple assertion seeking $250,000 in compensatory damages for his state-law claim under O.C.G.A. § 51-1-1 is insufficient to satisfy the statute's other requirement—the amount-in-controversy requirement. *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007) ("A conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the [plaintiff's] burden."); *see also* 28 U.S.C. § 1332(a); [Doc. 1, p. 16, ¶ 43].

Under Georgia law, "[a] tort may . . . be the violation of a public duty if, as a result of the violation, *some special damage* accrues to the individual." O.C.G.A. § 51-1-1 (emphasis added). Given that the facts of this case do not indicate that Daker suffered some "special damage,"—since there was no violation of his First Amendment right to access the courts—the compensatory damages sought through this state-law claim fail to push Daker over the amount-in-controversy threshold. Thus, notwithstanding Daker's argument that the Court has subject-matter jurisdiction through diversity, it doesn't.

Since the Court cannot hear Daker's state-law claim under diversity jurisdiction, the only way the Court can hear it, at this juncture, is through an exercise of its supplemental jurisdiction. The Supreme Court is quite clear when it comes to the discretion afforded to district courts in this area. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "[I]f only state-law claims remain[] after resolution of the federal question," district courts "have discretion, consistent with Article III, to retain jurisdiction[]" over them. *Osborn v. Haley*, 549 U.S. 225, 245 (2007). In other words, "[a] district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech.*, 556 U.S. at 639 (citing 28 U.S.C. § 1367(c)). Here, as the magistrate judge recommended, the Court will **DECLINE** to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim for the tort of violation of a public duty under

O.C.G.A. § 51-1-1. [Doc. 3, pp. 12–13]. Accordingly, that claim is **DISMISSED without prejudice**. Should Daker wish to pursue still it, he may commence a state-court action within the appropriate time.

### C. Conclusion

Notwithstanding the arguments set forth in Daker's Objection, the Court **ADOPTS** the United States Magistrate Judge's Recommendation of Dismissal [Doc. 3] and **DIRECTS** the Clerk of Court to **ENTER** Judgment accordingly and **CLOSE** this case.[7]

**SO ORDERED**, this 14th day of April, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[7] Daker's Motion to Certify State-Law Questions to the Georgia Supreme Court [Doc. 16] is **DENIED as moot**.